UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RANDY LAVELL WILLIAMS                                                                    PLAINTIFF
ADC #127318

V.                                          No. 5:18CV00076-JM-JTR

TANYA COLLINS,
Grievance Coordinator, *et al.*                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Randy Lavell Williams ("Williams") is a prisoner at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his

constitutional rights. *Docs. 2 & 7.*[1] Before Williams may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

Williams alleges that Defendants Grievance Coordinator Tanya Collins ("Collins"), Sergeant K. Weinfurtner ("Weinfurtner"), and Sergeant R. Holcomb ("Holcomb") violated his First Amendment right to access the courts by "purposely" failing to process grievances he had submitted to them. Specifically, he alleges that: (1) Collins failed to send an acknowledgment showing that she had forwarded his January 16, 2018 grievance to the proper person for a response; (2) Collins "ignored" a grievance that he put in the grievance box on March 17, 2018; (3) and he never received responses to grievances he handed to Weinfurtner and Holcomb on January 30, 2018 and February 8, 2018, respectively. *Doc. 2 at 4-9; Doc. 7 at 2-6.*

---

[1]The Court has construed Williams's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Williams also alleges that Defendants' refusal to process his grievances violated ADC policy, his due process rights under the Fifth and Fourteenth Amendments, and his Eighth Amendment right to be free from cruel and unusual punishment. Finally, he alleges that Collins's actions were retaliatory.

A.   **Violation of ADC Policy**

A violation of prison policy alone does not give rise to § 1983 liability. *Moore v. Rowley,* 126 Fed. Appx. 759, 760 (8th Cir. 2005); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). In addition, it is well settled that prisoners do *not* have a due process right to enforce compliance with internal prison rules or regulations. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner,* 109 F.3d at 430. Because Williams has not pled a viable due process claim in connection with Defendants' alleged failure to comply with ADC policies regarding the processing of grievances, the Court concludes that this claim should be dismissed, without prejudice.

B.   **Constitutional Violations Arising from Failure to Process Grievances**

The Eighth Circuit has made it clear that prisoners do not have a constitutional right to a prison grievance procedure and that a prison official's failure to properly process a grievance, standing alone, is not actionable under § 1983. *Walker v. Bertsch,* 745 Fed. Appx. 664, 664 (8th Cir. 2018) (holding that prisoner did not state a due process claim regarding the prison's grievance system, "as the grievance

system does not give rise to a liberty interest requiring due process protection"); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that allegations regarding actions of prison officials in handling prisoner's grievances were insufficient to state "a substantive constitutional claim"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "protected liberty interest" in the processing of their grievances, such as would support § 1983 due process claim for prison official's failure to pick up his completed grievance forms). Thus, to establish a viable § 1983 claim, Williams has to demonstrate that the allegedly inaccessible grievance process adversely affected an established constitutional right, such as his First Amendment right to access the courts.

To proceed with an access to the courts claim, a prisoner must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury,* 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey,* 518 U.S. 343, 355 (1996). Finally, to adequately plead an access to the courts claim, a prisoner is required to describe in his complaint the underlying cause of action that was allegedly impeded so that the Court can determine whether it is "nonfrivolous" and "arguably meritorious." *Christopher*, 536 U.S. at 415-16.

In ordering Williams to amend his Complaint, the Court specifically instructed him to explain *how* Defendants' alleged failure to process his grievances "caused him to suffer an *actual harm or injury* resulting from not being able to access the courts." *Doc. 6 at 2*. In his Amended Complaint, he does not assert that he suffered *any* "actual harm or injury" as a result of Defendants' alleged failure to provide access to the grievance procedure. He does not identify any legal claim or lawsuit that he was prevented from filing. Clearly, his ability to litigate this lawsuit was not impeded in any way. Thus, Williams has failed to state a viable access to the courts claim.

Accordingly, the Court concludes that Williams's First, Eighth and Fourteenth Amendment claims, based on the allegedly inaccessible grievance procedure, should be dismissed for failure to state a claim upon which relief may be granted.

### C. Retaliation Claim

Finally, Williams alleges that Collins's failure to process his grievances was retaliatory. "Conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Nei v. Dooley*, 372 F.3d 1003, 1007 (8th Cir. 2004); *Cody v. Weber*, 256 F.3d 764, 770 71 (8th Cir. 2001). The Court has further explained that, "[t]o be actionable, the retaliatory conduct itself need not be unconstitutional because the constitutional violation lies in the intent to impede

5

access to the courts." *Nei*, 372 F.3d at 1007.

Thus, although Williams did not have a constitutional right to a grievance procedure, Collins could not have denied him access to that system in retaliation for exercising his constitutional right to file grievances. *See Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (the filing of a grievance is "protected First Amendment activity"). To this end, retaliation claims must "allege sufficient facts upon which a retaliatory animus could be inferred" and may not be "speculative" or "conclusory." *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996); *see also Cooper*, 189 F.3d at 784 (prisoner's allegation that he "believed" the defendant acted "in retaliation for his grievances" was insufficient to state a claim); *Flittie v. Solem,* 827 F.2d 276, 281 (8th Cir. 1987) ("broad and conclusory" allegations of retaliation are not sufficient to support a § 1983 claim).

In his Complaint, Williams makes the conclusory allegation that Collins's failure to process his grievances was "retaliation for filing a grievance." *Doc. 2 at 6*. Despite the Court's specific instruction to explain "*why* he believes [her] actions were retaliatory," Williams's Amended Complaint provides *no* further explanation, merely stating, again, that Collins "violated [his] First Amendment right against retaliation for filing a grievance." *Doc. 6 at 2; Doc. 7 at 3*. Finally, even though Williams has a constitutional right not to have prison officials manipulate the grievance process in order to deny him access to the courts, he has failed to allege

or explain how any actions by Collins – or any of the Defendants -- actually interfered with or otherwise denied his right to access the courts. Thus, Williams's allegations are insufficient to state a retaliation claim against Collins.

Accordingly, the Court concludes that Williams's retaliation claim should be dismissed for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Williams's Complaint and Amended Complaint (*Docs. 2 & 7*) be DISMISSED, WITHOUT PREJUDICE, and this case be dismissed in its entirety.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 7th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE